# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIANA YVETTE PIPER,            ) | |
|           ) | |
|        Plaintiff,      ) | |
|           ) | |
| v.              ) | No. 10-2359-CM-DJW |
|           ) | |
| STELLAR FIREWORKS, INC., et al.,  ) | |
|           ) | |
|        Defendants.    ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this product liability action in diversity against defendants Stellar Fireworks, Inc., ("Stellar") and China Jinsheng Fireworks Mfg. Co., Ltd, a.k.a. Liuyang Jinsheng Fireworks Mfg. Co., Ltd. ("Jinsheng"). The case is before the court on Defendant Stellar Fireworks, Inc.'s Motion to Dismiss (Doc. 8).[1] For the following reasons, defendant's motion is denied.

## I.    Facts

Defendant Stellar is a Kansas Corporation. Plaintiff is a Missouri resident. According to the complaint, plaintiff was injured on July 4, 2008, when a box of twenty-five 3-inch titanium salutes (the "firework") prematurely exploded as plaintiff was inserting the electronic match into its receptacle. Plaintiff was severely injured.

Defendant alleges that this court lacks subject matter jurisdiction over the action because plaintiff was working within the course and scope of her employment with Stellar at the time of the

---

[1] Plaintiff requests oral argument on the motion. (Doc. 12.) In its discretion, this court finds that oral argument is unnecessary for resolution of the motion, and that the motion shall be determined on the briefs submitted by the parties. D. Kan. Rule 7.2.

alleged injuries and therefore the Kansas Workers Compensation Act has exclusive jurisdiction over plaintiff's claims against Stellar. Plaintiff maintains that, although she is receiving workers compensation benefits, she was not employed by Stellar at the time of her injuries and is therefore not barred from pursuing this action.

## II.     Nature of the Motion

The existence of subject matter jurisdiction is a threshold issue, *see Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and plaintiff bears the burden to establish that jurisdiction is proper, *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). Where the challenge is directed at the factual basis for jurisdiction, the court may allow affidavits, other documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*. at 1003. When resolution of the jurisdictional question is intertwined with the merits of the case, this court converts a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion. *Id*. at 1003. Here, however, the questions presented by defendant's motion are not inextricably intertwined with the merits of plaintiff's personal injury action. *See Martin v. Mid-Am. Pipeline Co.*, Nos. 93-2218-GTV, 93-2303-GTV, 1994 WL 171447, at *1–2 (D. Kan. Apr. 28, 1994) (citing *Tilton v. Richardson*, 6 F.3d 683, 685 (10th Cir. 1993)); *see also Holt*, 46 F.3d at 1003 (stating that the jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case).

First, the court is unconvinced that the question raised by this motion is a jurisdictional one. On the face of the complaint, jurisdiction is proper pursuant to 28 U.S.C. § 1332. The exclusive remedy provision provides an affirmative defense to the suit, not a jurisdictional barrier to it. The court believes that the motion, which essentially seeks judgment as a matter of law based on its affirmative defense, should be construed as one pursuant to Federal Rule of Civil Procedure 12(b)(6) or 56.

And in deciding a 12(b)(6) motion, the court generally "should not look beyond the confines of the complaint itself." *See MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002) (*quoting Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 960 (10th Cir. 2001), *reversed on other grounds by* 537 U.S. 79 (2002)). An exception to this rule exists for a document that is referred to in the complaint and is central to the plaintiff's claim. In such case, "a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Id.* (quotation omitted). The affidavits and exhibits presented by way of the parties' briefing are not central to plaintiff's claim or otherwise referenced in the complaint. *See id.*

The court is not inclined to convert this motion to one for summary judgment, but it concludes that, whether or not the court considers the extrinsic evidence, defendant fails to establish that plaintiff's case must be dismissed.

## II.     Standards and Discussion

To prevail on a defense that worker's compensation benefits provide the exclusive remedy, it is the putative employer who bears the burden to establish the existence of an employment relationship between it and the injured worker. *Anderson v. Nat'l Carriers, Inc.*, 695 P.2d 1293, 1297 (Kan. Ct. App. 1985).

Based on the court's preliminary research, there appear to be at least three theories relevant

to defendant's affirmative defense that the Workers Compensation Act provides the exclusive remedy to plaintiff. *See Hill v. Kan. Dep't of Labor, Div. of Workers Comp.*, 210 P.3d 647, 653–54 (2009); *Aspelin v. Mounkes*, 476 P.2d 620, 623 (Kan. 1970) (discussing "right of control" test for general employment relationship); *Robinett v. Haskell Co.*, 12 P.3d 411, 414 (Kan. 2000); *Bright v. Cargill, Inc.*, 837 P.2d 348, 356 (Kan. 1992) (adopting test for "statutory employer/employee" relationship set out in *Hanna v. CRA, Inc.*, 409 P.2d 786, 789 (Kan. 1966)); *Scott v. Altmar, Inc.*, 38 P.3d 673, 676–77 (Kan. 2002) (discussing test for "special employer/employee relationship"). Defendant addresses none of these in its motion. Nor do the facts offered by way of affidavit, exhibits, and otherwise establish the existence of a covered relationship.[2]

---

[2] According to defendant, Stellar hired plaintiff on July 4, 2008, as an assistant to a fireworks shooter, and her injuries arose out of her employment. Plaintiff has filed a Workers Compensation claim for the injuries sustained, and Stellar is currently paying plaintiff benefits, which plaintiff is accepting. In support of these allegations, Stellar relies on the affidavit of its president, Paul Austin. Also included among defendant's exhibits are copies of a payroll and check register report, both dated July 11, 2008, which appear to indicate that Stellar paid plaintiff $23.78 for five hours of work at $5.15 an hour. Stellar also includes a copy of a Stellar payroll check made to plaintiff on August 16, 2008, in the amount of $22.40 for the pay period of August 3, 2008, through August 9, 2008.

In response, plaintiff asserts that she was not on Stellar's payroll at the time of her injuries, but rather, that Mr. Austin unilaterally placed her on the payroll after she was injured. In support, plaintiff offers the affidavit of Byron Essman, who states that he was told by Austin that Austin "rushed to have plaintiff put on the payroll, after she had gotten injured, for 'legal reasons.'" (Doc. 10-2, at 2.) Plaintiff alleges, by way of affidavit, that she was working on a fireworks display at the time she was injured, but that Stellar did not select, appoint, hire, or even approve her to perform the work in question; nor was her selection to perform the work approved by Stellar or subject to Stellar's approval. She asserts that she was an independent sub-contractor.

In reply, defendant asserts that plaintiff's self-serving affidavits are contradicted by plaintiff's and Essman's own statements. Stellar refers to a recorded interview of Essman by a representative of its insurance carrier. In the interview, Essman affirms that he is a licensed pyrotech, who was employed on an independent contractor basis by Stellar to work a Fourth of July display. Essman brought plaintiff on to assist him in the set-up. Stellar agreed to pay her "the regular hourly rate." (11-3, at 7.) Essman indicates that the paperwork was not handled right then because they were in a hurry to get out to the site and get started with the set-up. (Doc. 11-3, at 8.) Stellar also points to two Claims for Compensation filed by plaintiff, one in Kansas and one in Missouri. According to defendant, these claims are an admission that plaintiff was an employee of

(continued...)

The burden of establishing the employment relationship is defendant's; plaintiff need not prove she was not an employee under the act in order to survive the motion. The facts offered are simply insufficient for the court to rule in defendant's favor; the question of immunity cannot be resolved on this motion. For the same reasons, the court declines to address defendant's estoppel argument. Defendant's motion must be denied, but the denial will be without prejudice to defendant raising this ground in a later dispositive motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Dismiss (Doc. 8) is denied.

Dated this <u>7th</u> day of October 2010, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**

---

[2] (...continued)
Stellar at the time of the incident. In the Missouri claim, plaintiff specifically represented that she was injured in the course and scope of her employment.